

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

EVERETT MYERS,

Plaintiff,

v.                                                    CIVIL ACTION NO. 4:11cv62

MICHAEL J. ASTRUE,
Commissioner of Social Security

Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is currently before the Court on both Plaintiff and Defendant's objections to

the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the

Magistrate Judge's Report and Recommendation is **ADOPTED** and the decision of the

Administrative Law Judge is **REVERSED** and **REMANDED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 18, 2007, Everett Myers ("Plaintiff"), filed an application for disability

insurance benefits ("DIB"). In his application, Plaintiff alleged that he has been disabled since

January 15, 1984 due to chronic obstructive pulmonary disease, chronic sinusitis with polyps,

post-traumatic stress disorder ("PTSD"), and adjustment disorder. The Commissioner of Social

Security ("Commissioner" or "Defendant") initially denied his application on November 18,

2007 and upon reconsideration, denied his application again on January 31, 2008.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and the

hearing took place on March 19, 2009. On April 7, 2009, the ALJ issued a decision denying

1

Plaintiff's claim for DIB, finding that he was not disabled under the Social Security Act. On

August 27, 2009, the Appeals Council vacated the ALJ's April 2009 decision and directed the

ALJ to address certain issues on remand. After a supplemental hearing held on April 5, 2010,

the ALJ once again issued a decision denying Plaintiff's claim for DIB. On August 16, 2010,

Plaintiff requested review of the ALJ's second decision but the Appeals Council denied review

on February 11, 2011, thus making the ALJ's second decision the "final decision" of the

Commissioner.

On June 16, 2011, Plaintiff filed a *pro se* complaint seeking the Court's review of the

Commissioner's decision. The parties filed cross Motions for Summary Judgment on July 26,

2012 and August 29, 2011 respectively. On September 14, 2011, the Court entered an order

referring this action to United States Magistrate Judge Bradford F. Stillman ("Magistrate Judge")

to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for

the disposition of this matter.[1] On July 6, 2012, Magistrate Judge Miller filed his Report and

Recommendation ("R&R"), in which he recommended that the decision of the Commissioner be

**REVERSED** and the case be **REMANDED** for further administrative proceedings. On July 20,

2012, Defendant filed objections to the R&R. On July 24, 2012, Plaintiff also filed objections to

the R&R. This matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of the

Magistrate Judge, a district judge "must determine de novo any part of the Magistrate Judge's

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v.*

---

[1]  Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a Magistrate Judge to conduct
hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings
of fact and recommendations for the disposition . . . ."

*Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations

for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo*

determination…by a district judge…."). Under *de novo* review, the Magistrate Judge's R&R

carries no presumptive weight, and the district court may accept, reject or modify the report, in

whole or in part, and may recommit the matter to the Magistrate Judge with instructions.

*Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The

district judge may accept, reject, or modify the recommended decision, receive further evidence,

or recommit the matter to the Magistrate Judge with instructions."). When conducting this *de*

*novo* determination, a district court judge must give "fresh consideration" to the relevant portions

of the Magistrate Judge's R&R. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

 A court reviewing a decision made under the Social Security Act must determine whether

the factual findings are supported by substantial evidence and were reached through application

of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial

evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than

a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does

not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for

that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by

substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389,

390 (1971).

### III. DISCUSSION

The parties raise three separate objections to the Magistrate Judge's R&R. First, Plaintiff objects to the Magistrate Judge's finding that Dr. Brainard W. Hines ("Dr. Hines") is not a "treating source" whose medical opinion is entitled to any "controlling weight." A treating physician's testimony is not automatically given such deference. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) ("[Fourth]Circuit precedent does not require that a treating physician's testimony be 'given controlling weight.') (citations omitted). Substantial evidence supports the ALJ's decision to decline to lend controlling weight to Dr. Hines' opinion because nothing in the record indicates that Dr. Hines, whose letters identified him as a licensed mental health counselor with a PhD in an unidentified discipline, is qualified to be considered a "treating source."[1] *See* 20 C.F.R. §404.1502 (defining a "treating source" as a "physician, psychologist, or other acceptable medical source..."); 20 C.F.R. § 404.1513(a) (listing "acceptable medical sources" to include: licensed physicians, licensed or certified psychologists, licensed optometrists, licenses podiatrists, and qualified speech-language pathologists); *Bulavinetz v. Astrue*, 663 F.Supp.2d 208, 212 (W.D.N.Y 2009) ("...[P]laintiff's mental health counselor is neither an 'acceptable medical source'...nor a treating physician entitled to controlling weight.").

Even when a physician's opinion is not given "controlling weight," the physician's opinion is still relevant and the ALJ must "give good reasons in [his]...decision for the weight [he] gives the treating source's opinion." *Russell v. Comm'r of Soc. Sec.*, 440 Fed.Appx 163, 164 (4th Cir. 2011); *see also* 20 C.F.R. § 404.1527 ("Regardless of its source, we will evaluate every medical opinion we receive."). An ALJ is required to weigh medical opinions based on:

---

[1] In his objections to the R&R, Plaintiff, for the first time, asserts that Dr. Hines holds a Master's Degree in Clinical Psychology and a Ph.D. in Educational Psychology. However, the Court's *de novo* review does not include assessment of evidence not contained in the administrative record.

"(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Russell*, 440 Fed.Appx. at 164. In addition, the ALJ may consider "any other factors that tend to support or refute the opinion." SSR 06-03p, 2006 WL 2329939 at *4-*5. The ALJ considered the above factors and adequately articulated his finding that Dr. Hines' summary opinion was not well supported by treatment notes or any other sort of medically acceptable evidence. *See* R. 22-23 (noting that Dr. Hines' statements "fail to quantify the severity of claimant's mental impairment"). Further, the ALJ made special note of the substantial amount of time (fourteen years) that had elapsed between the dates during which Dr. Hines actually treated the Plaintiff and the date Dr. Hines provided his opinion. *See Russell*, 440 Fed.Appx. at 164 (concluding that the ALJ did not err in discounting the treating physician's opinion where the physician had not seen plaintiff for six months prior to issuing an assessment). Upon review, the Court FINDS that the ALJ did not err in discounting Dr. Hines' opinion and there is substantial evidence to support the ALJ's finding that Dr. Hines' opinion was entitled to "little evidentiary weight" under the circumstances.

Second, Defendant objects to the Magistrate Judge's finding that the ALJ's credibility determinations were not supported by substantial evidence. Defendant asserts that the ALJ's credibility determinations as to Plaintiff and his former wife were supported by substantial evidence. In evaluating a claimant's subjective symptoms, the ALJ must follow a two-step analysis. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); *see also* 20 C.F.R §§ 404.1529(a) and 416.929(a). First, the ALJ must determine whether objective medical evidence supports the

5

existence of medical impairments which result from anatomical, physiological, or psychological impairments that reasonably could produce the pain or other symptoms alleged. *Craig*, 76 F.3d at 594. If the claimant meets the threshold inquiry, then the ALJ must evaluate claimant's statements about the intensity and persistence of the pain and the extent to which it impacts the claimant's ability to work. *Id* at 595 (citing 20 C.F.R. §§ 416.929(c)(1) and 4104.1529(c)(1)). At this second step, the ALJ must take "all the available evidence" into account, including claimant's own statements about his symptoms and pain. *See id.* While such credibility determinations are reserved for the ALJ, the Court reserves the power to review the ALJ's decisions for substantial evidence. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005). Thus, the Court will not re-weigh the ALJ's credibility determination, but instead will review the ALJ's decision for legal error.

In assessing Plaintiff's status, the ALJ discredited Plaintiff's testimony about his symptoms, deeming it inconsistent with objective medical evidence. R.20-23. This conclusion was not supported by substantial evidence because the administrative record, when read as a whole, reveals no inconsistency between the two. As the Magistrate Judge noted, none of the evidence regarding Plaintiff's symptoms and treatment prior to December 31, 1989 is inconsistent with his testimony at the administrative hearing. R&R. 32-34. The appropriate inquiry measures Plaintiff's claims prior to December 31, 1989, his date last insured. The ALJ improperly relied on inferences based on Plaintiff's condition after 1989, citing treatment records and billing statements dated after 1991. *See* R.21-22. The ALJ applied the incorrect legal standard by doing so. Thus, the Court FINDS that the ALJ's credibility determination is not supported by substantial evidence because the ALJ based his decision on legal error.

Defendant also objects to the Magistrate Judge's determination that the ALJ did not adequately consider the testimony of Plaintiff's ex-wife ("Ms. Meyers"). Under 20 C.F.R. §§ 404.1513(d)(4) and 416.913(d)(4), the ALJ considers evidence provided by "other non-medical sources," including spouses and friends of the claimant. *Morgan v. Barnhart,* 142 Fed.Appx. 716, 720 (4th Cir. 2005). Descriptions from friends and family members who were in a position to observe the claimant's symptoms and daily activities have been routinely accepted as competent evidence. *Morgan v. Barnhart,* 142 Fed.Appx. 716, 731 (4th Cir. 2005) (Gregory, J, dissenting); *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987); 20 CFR § 404.1529(c)(3).

In considering evidence from "non-medical sources" such as spouses, parents, friends, and neighbors, it is appropriate for the ALJ to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." SSR 06–03p, 2006 WL 2329939 at *6. Generally, the ALJ must "explain the weight given to these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Id.* When an ALJ fails to believe lay testimony about a claimant's allegations of pain or other symptoms, he should discuss the testimony specifically and make explicit credibility determinations. *Morgan v. Barnhart,* 142 Fed.Appx. 716, 731 (4th Cir. 2005) (Gregory, J, dissenting) (citing *Smith v. Heckler,* 735 F.2d 312, 313 (8th Cir. 1984)).

Ms. Meyers' testimony was more than cumulative. She testified that she lived with the Plaintiff during the relevant disability onset period and was responsible for his care. Despite recounting events that occurred nearly twenty years prior to her testimony, Ms. Meyers offered

details regarding the intensity, persistence, and limiting effects of Plaintiff's symptoms. Her testimony provided time frames and detailed descriptions of Plaintiff's condition prior to his date last insured. Ms. Meyers' testimony was especially significant because due to the passage of time and resulting dearth of detailed medical records, virtually all of claimant's medical records for treatment prior to his date last insured had been lost or destroyed. While the ALJ does explicitly reference her testimony, he does so only in reference to his determination of Plaintiff's credibility. R.21. Further, the ALJ only mentions his determination as to Plaintiff's credibility, failing to explain the weight given to Ms. Meyers' testimony or even explicate his reason for ultimately rejecting her testimony. The Court cannot determine if the ALJ's findings are unsupported by substantial evidence unless he explicitly indicates the weight given to all of the relevant evidence. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). Accordingly, the Court FINDS that the ALJ's consideration of Ms. Meyers' testimony is not supported by substantial evidence.

Lastly, Defendant objects to the Magistrate Judge's finding that the ALJ failed to sufficiently resolve the direct conflict between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT").[2] In assessing a claimant's disabled status, the ALJ will consider both the DOT and the testimony of a VE. *Fisher v. Barnhart*, 181 Fed.Appx. 359, 365 (E.D.Va 2006); SSR 00-4P, 2000 WL 1898704 at *2 (noting that the DOT and testimony of the VE should typically be consistent). Social Security Ruling 00-4p provides that "when there is an apparent unresolved conflict between [VE] evidence and the [DOT], the adjudicator must elicit a reasonable explanation for the conflict…" and "resolve the conflict by deciding if the [VE's] explanation or the conflict is reasonable." *Fisher*, 181 Fed.Appx. at 365(citing SSR 00-

---

[2] Plaintiff failed to raise this objection at the administrative hearing and in objections, but the Magistrate Judge raised this issue *sua sponte*.

8

4p). The ALJ must resolve this conflict before relying on the VE's testimony to make his
ultimate disability determination. *Id* (citing SSR 00-4p). The ALJ determined that Plaintiff's
residual functional capacity ("RFC") limited him to performing unskilled, sedentary work and
"simple and routine 1-2 step tasks," corresponding to Level 1 Reasoning Development on the
DOT's General Education Development Scale. *See* R. 20, 23, 132; R&R 42. The VE testified
that Plaintiff could perform the jobs of "office clerk," "bench assembler," and "surveillance
systems monitor." The VE failed to provide occupational code numbers, but a search of the
DOT identified each category as containing positions that required between Level 3 and Level 4
Reasoning Development. *See* R&R 43-46. At the close of the VE's testimony, the ALJ asked
the VE if her testimony was consistent with the DOT's description of the jobs she listed. The VE
incorrectly responded that her testimony was in fact consistent. R.33. In his decision, the ALJ
did not address this conflict. Accordingly, the Magistrate Judge determined that the ALJ
erroneously relied on VE testimony in direct conflict with the DOT description of each job's
skill level, exertional level, or required reasoning ability.

While the DOT is a guideline range and not necessarily meant to provide an exhaustive
list of jobs available in the national economy, the ALJ must elicit some explanation of conflicts
between VE testimony and the DOT when they arise. In such situations, the ALJ must: (1) ask
the VE if the evidence she has provided conflicts with the DOT, and (2) if the VE's testimony
appears to conflict with the DOT, obtain a reasonable explanation for the conflict. SSR 00-4p,
2000 WL 1898704 at *4. Here, the ALJ asked the VE if her testimony conflicted with the DOT,
but failed to probe the VE's assertion that it did not. R.133. While the Fourth Circuit Court of
Appeals has yet to address what level of inquiry the ALJ is required to make, other courts have

9

found that an ALJ must elicit an explanation where the VE's testimony as to availability of jobs conflicts with the DOT. *See Cordova v. Astrue*, 2011 WL 3236077(D.Colo. 2011) (finding that ALJ merely asking VE whether his testimony was inconsistent with the DOT failed to sufficiently explain the inconsistency between Level 3 reasoning and claimant's RFC); *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008) ("[T]he ALJ's affirmative duty extends beyond merely asking the VE whether his testimony is consistent with the DOT.").

The ALJ failed to elicit any explanation for the discrepancies between the VE testimony and DOT description for each of the jobs that the VE identified. This explanation is necessary to provide sufficient basis for review and accordingly, the Court FINDS that the ALJ's decision is not supported by substantial evidence.

## IV. CONCLUSION

Having addressed the relevant objections to the Magistrate Judge's Report & Recommendation in this case, the Court does hereby **ADOPT** the findings and recommendations set forth in the report. Defendant's motion for summary judgment is **DENIED**. Plaintiff's motion for summary judgment is **DENIED**, but the motion is granted to the extent that the decision of Defendant is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this opinion.

The Clerk is **DIRECTED** to send a copy of the Order to the parties.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
September, 28 2012

10